# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

BOBBY LARRY FORREST
ADC #090992                                                                                                    PLAINTIFF

V.                                    NO: 2:05CV00123 SWW/HDY

LARRY NORRIS, *et al.*                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is Defendants' motion for summary judgment (docket entry #61), along with a brief in support (docket entry #62), and a statement of undisputed material facts (docket entry #63). Plaintiff has filed a "counter motion for summary judgment," (docket entry #64), which is essentially a response to Defendants' motion. Plaintiff has also filed his own motion for summary judgment (docket entry #50). Plaintiff, an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 26, 2005, concerning events that transpired while he was a resident at the ADC's East Arkansas Regional Unit.

### I. Background

In his complaint, Plaintiff alleges that, on September 11, 2004, he was removed from general population and placed on disciplinary court review ("DCR") status without a hearing for 28 days, in violation of administrative regulations. Plaintiff notified Defendant Mena of the problem, who

placed him on administrative review status as of October 13, 2004. Plaintiff remained on administrative review status until he appeared before the classification committee on October 26, 2004. After that appearance, the committee placed Plaintiff in administrative segregation. Because of his removal from the general population, Plaintiff lost eligibility for the Act 309 program,[1] and the ability to pursue "rehabilitative goals," as well as certain privileges such as visitation with other inmates and gym usage.

Plaintiff contends that his removal from general population was a violation of his due process rights, that he was treated differently than another inmate in the computation of his classification, and that ADC policies were not followed in the answering of his grievances. In his amended complaint (docket entry #19), Plaintiff further asserts that he was improperly denied good time credits. He seeks damages and injunctive relief.

## II. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

---

[1] Act 309 of 1983, codified at Ark. Code Ann. §§ 12-30-401 – 407 (1987 and supp. 2001), provides for cooperative agreements between the Arkansas Department of Correction and county jail officials to place Arkansas Department of Correction inmates in county facilities. An Act 309 inmate, as they are commonly known, who is released to the jurisdiction of a county may be utilized to work in and around government property or projects.

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III. Plaintiff's claims

*A. Placement into administrative segregation*

Plaintiff contends that he was improperly placed into administrative segregation in violation of his due process rights. Plaintiff asserts that, because of his removal from general population, he was ineligible for the Act 309 work release program, ineligible for rehabilitative goals, lost gymnasium privileges and lost visitation privileges. However, only sanctions that impose atypical and significant hardships upon a prisoner in relation to the ordinary restraints and incidents of prison life implicate the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Court concludes that the above limitations described by Plaintiff did not amount to "atypical and significant hardship."

Additionally, Plaintiff did receive due process before his placement into administrative segregation. According to the "Disciplinary Violation" form submitted by Defendants, Plaintiff's removal from the general population was precipitated by the discovery of money among Plaintiff's personal effects (*See Def.'s Brief*, exhibit B-2). A letter from Warden Greg Harmon reveals that Plaintiff's "disciplinary" expired while he was away from the unit attending court proceedings in Faulkner County, without his attending a DCR hearing. However, Plaintiff went before the classification committee on October 26, 2004, and was assigned to administrative segregation due to his being found in possession of money. Plaintiff was told the reason for his assignment by letter dated October 27, 2004 *(Def.'s Brief*, exhibit B-3). Plaintiff admitted to contraband being found in

4

his living area *(Def.'s Brief*, exhibit A-6). Thus, there is some evidence to support the classification committee's decision. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

In his own motion for summary judgment, Plaintiff further asserts that his placement into administrative segregation in the maximum security unit was a violation of his due process rights. It is true that inmates assigned to maximum security units may have the right to some amount of due process before such assignment. *See Wilkinson v. Austin*, 125 S.Ct. 2384, 2393 (2005). Assuming Plaintiff was entitled to due process before his placement into administrative segregation or the maximum security unit, it is clear that Plaintiff's assignment to administrative segregation was made after a hearing and review, and was reviewed regularly by the classification committee while he remained in segregation. *See Pl.'s complaint*, exhibits #3-5. According to Exhibit #18, appended to Plaintiff's complaint, placement and review by the classification committee involved several due process safeguards, including review by classification members, and the warden. Plaintiff concedes in his motion that an inmate may be placed into administrative segregation if allowing him to remain in general population would endanger the security or integrity of the institution. From exhibits attached to Plaintiff's brief, it is clear that is exactly why he was placed into administrative segregation. *See Pl.'s complaint*, exhibits #3-4. Accordingly, Plaintiff's placement into administrative segregation or the maximum security unit was not a denial of due process.[2]

Because Plaintiff has not been denied due process in his assignment to administrative segregation, his claims for injunctive relief asking the Court to set guidelines for assignment to administrative segregation, expunge his record, and release him to general population, are without

---

[2]It appears that Plaintiff was in the East Arkansas Regional Maximum Security Unit before the September 11, 2004, incident that began the series of events leading to this lawsuit. *See Pl.'s complaint*, exhibit #1. That exhibit does, however, appear to show Plaintiff beginning punitive isolation at that point.

merit, and should be denied.

*B. Unequal treatment*

Plaintiff also asserts that he was treated differently than an inmate Pollard, in that he did not receive hearings or status upgrades as did Pollard. However, the uncontradicted evidence indicates that Plaintiff did not receive his initial DCR hearing because he was attending court in Faulkner County. There is no evidence that inmate Pollard had similar scheduling conflicts. Thus, there is no evidence Plaintiff was similarly situated to inmate Pollard. Moreover, Plaintiff has presented no evidence that any difference in treatment was motivated by his membership in a protected class or that it burdened a fundamental right. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim). Thus, Plaintiff's claim equal protection claim fails.

*C. Failure to properly process grievances*

Plaintiff further alleges that Defendants failed to properly respond to his grievances. Even if true, such an allegation does not state a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).

*D. Loss of good time credits*

As discussed above, Plaintiff's rights were not violated when he was placed in administrative segregation. However, even if there were a violation, Plaintiff could not maintain a section 1983 action seeking good time credits, as he seeks to do here. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Court held that, if a judgment in favor of a prisoner in a section 1983 action would "necessarily imply the invalidity" of a criminal conviction, continued imprisonment, or sentence, then no section 1983 claim for damages could be brought until the conviction or sentence was reversed, expunged, or called into question by the appropriate court. In *Edwards v. Balisok*, 520

6

U.S. 641 (1997), the Court extended the *Heck* holding to prison disciplinary proceedings that result in the loss of good time credits. Thus, even if Plaintiff had been improperly denied good time credits, the appropriate forum for his claim would be a habeas corpus proceeding, not a section 1983 suit.

In summary, Plaintiff has not demonstrated any due process violations with respect to his confinement in administrative segregation or in the maximum security unit, and is therefore not entitled to damages for such assignment, or to injunctive relief seeking modification of the assignment guidelines, expungement of his record, or assignment to general population. Similarly, Plaintiff's equal protection claims, and his claims that proper grievance procedures were not followed do not set forth constitutional claims. Finally, Plaintiff's claims seeking restoration of good time are properly pursued in a *habeas* action, rather than this § 1983 lawsuit.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #61) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. All other pending motions be DENIED AS MOOT.

DATED this _10_ day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE